UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

   v.

LAWRENCE D. ISEN,

                Defendant.

Civil Action No. _____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-20-07

---

**FINAL JUDGMENT AS TO DEFENDANT LAWRENCE D. ISEN**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Lawrence D. Isen ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] in the

offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)], by directly or indirectly, in the absence of any applicable exemption:

    (a)    making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to a security;

    (b)    carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, such security for the purpose of sale

>
> or for delivery after sale, unless a registration statement is in effect as to a security; or
>
> (c) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise such security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $103,302, representing monies unlawfully gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $30,293, and a civil penalty in the amount of $40,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant shall satisfy this obligation by paying $173,595 pursuant to the terms of the payment schedule set forth in paragraph IV below to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Lawrence D. Isen as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such

payment and letter to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

IV.

Defendant shall pay a total amount of $173,595, plus post-judgment interest, in five installments according to the following schedule: (i) $27,000 within ten (10) days of entry of this Final Judgment; (ii) $36,648.75 within 100 days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iii) $36,648.75 within 180 days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iv) $36,648.75 within 270 days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (v) a final payment of $36,648.75 within 365 days of entry of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

If Defendant Lawrence D. Isen fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _December 20, 2007_

_____
UNITED STATES DISTRICT JUDGE

Part I

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

       v.

LAWRENCE D. ISEN,

                              Defendant.

Civil Action No._____

---

### CONSENT OF DEFENDANT LAWRENCE D. ISEN

1.     Defendant Lawrence D. Isen ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)     permanently restrains and enjoins Defendant from violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)];

  (b) permanently restrains and enjoins Defendant from violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)];

  (c) orders Defendant to pay disgorgement in the amount of $103,302, plus prejudgment interest thereon in the amount of $30,293; and

  (d) orders Defendant to pay a civil penalty in the amount of $40,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant shall pay a total amount of $173,595, plus post-judgment interest, in five installments according to the following schedule: (i) $27,000 within ten (10) days of entry of the final judgment; (ii) $36,648.75 within 100 days of entry of the final judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iii) $36,648.75 within 180 days of entry of the final judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iv) $36,648.75 within 270 days of entry of the final judgment, plus post-judgment interest pursuant to 28 U.S.C. §

1961; and (v) a final payment of $36,648.75 within 365 days of entry of the final judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961.

5.  Defendant agrees that he and Defendant's agents, employees, and/or representatives (collectively referred to in this paragraph as "Defendant") will disclose in each issue of the *OTC Journal* newsletter all of Defendant's sales (including any sales made on his behalf, or made by any person or entity that Defendant controls) of the securities of any "issuer" (as defined by Section 2(a)(4) of the Securities Act [15 U.S.C. § 77b(2)(a)(4)]) mentioned in such issue, including the number of shares sold up to the date of the issue's publication, and the percentage of Defendant's total holdings of the securities that have been sold by Defendant through the date of publication. Defendant agrees to make such disclosures for as long as he publishes the *OTC Journal* or any substantively similar successor publication. Defendant also agrees to otherwise satisfy all other disclosure obligations with regard to the *OTC Journal*.

6.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.  Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.  Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant

(i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena; and (vi) consents to the production by any third party of any documents, records, or other information in the third party's possession, custody, or control that the Commission seeks from the third party, by subpoena or otherwise.

16. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17.  Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9/8/07

_____
Lawrence D. Isen

On 09/8, 2007, LAWRENCE DAVID ISEN, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.



RC Kothari
_____
Notary Public
Commission expires: JAN 17TH 2011
RC KOTHARI (NOTARY PUBLIC)

Approved as to form:

_____
Irving M. Einhorn, Esq.
Law Offices of Irving M. Einhorn, PC
1710 Tenth Street
Manhattan Beach, CA 90266
(310) 798-7216

-7-

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:          (      )

Dear Litigant,

    Enclosed is a copy of the judgment entered in your case.

    Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

    If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

    The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

    The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is ~~$250.00~~ $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

**APPEAL FORMS**
Docket Support Unit

Revised: March 4, 2003

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------------X
                                                |
                                                |         NOTICE OF APPEAL
                                                |
         -V-                                    |
                                                |
                                                |         civ.        (    )
                                                |
                                                |
------------------------------------------------X
```

Notice is hereby given that _____
                                                            (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____, _____.
                                     (day)         (month)      (year)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____  (   ) _____ - _____
                                                    (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

<u>FORM 1</u>

**APPEAL FORMS**

Docket Support Unit                                                          Revised: March 4, 2003

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------------X
                                           |
                                           |     MOTION FOR EXTENSION OF TIME
                                           |       TO FILE A NOTICE OF APPEAL
         -V-                               |
                                           |
                                           |       civ.          (   )
                                           |
                                           |
-------------------------------------------X
```

    Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                                                            (party)

requests leave to file the within notice of appeal out of time. _____
                                                                                                               (party)

desires to appeal the judgment in this action entered on _____ but failed to file a
                                                                                            (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

 

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____       ( )_____-_____
                                                               (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

FORM 2

APPEAL FORMS

Docket Support Unit                                                                                        Revised: March 4, 2003

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------------X
                                           |
                                           |         NOTICE OF APPEAL
                                           |              AND
        -V-                                |    MOTION FOR EXTENSION OF TIME
                                           |
                                           |         civ.        (   )
                                           |
-------------------------------------------X
```

1.  Notice is hereby given that _____ hereby appeals to
                                          (party)
    the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
              [Give a description of the judgment]

2.  In the event that this form was not received in the Clerk's office within the required time
    _____ respectfully requests the court to grant an extension of time in
              (party)
    accordance with Fed. R. App. P. 4(a)(5).

    a.  In support of this request, _____ states that
                                              (party)
    this Court's judgment was received on _____ and that this form was mailed to the
                                                    (date)
    court on _____ .
                  (date)

                                            _____
                                                    (Signature)

                                            _____
                                                    (Address)

                                            _____
                                                (City, State and Zip Code)

Date: _____      (   ) _____-_____
                                       (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 3

APPEAL FORMS
Docket Support Unit

Revised: March 4, 2003

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

------------------------------------------------X
                                                |
                                                |           **AFFIRMATION OF SERVICE**
                                                |
            -V-                                 |
                                                |
                                                |           civ.         (   )
                                                |
------------------------------------------------X

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____


Date: _____
       New York, New York


                                        _____
                                                    (Signature)

                                        _____
                                                    (Address)

                                        _____
                                              (City, State and Zip Code)


FORM 4

**APPEAL FORMS**

Docket Support Unit                                    Revised: March 4, 2003